JAMES J. GARVEY and DORIS E. GARVEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Garvey v. Commissioner
Docket No. 21098-80.
United States Tax Court
T.C. Memo 1982-257; 1982 Tax Ct. Memo LEXIS 492; 43 T.C.M. (CCH) 1336; T.C.M. (RIA) 82257; May 6, 1982. James J. Garvey, pro se. Willard N. Timm, Jr., for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: This matter is before the Court on respondent's motion for judgment on the pleadings, filed on October 27, 1981, pursuant to Rule 120 [1] and heard on January 26, 1982. James J. Garvey (hereinafter petitioner) and Doris E. Garvey, husband and wife, resided in Dunwoody, Georgia, on the date they filed their petition in this case. They filed their 1974 joint Federal income tax return with the Internal Revenue Service Center, Cincinnati, Ohio. Respondent determined a deficiency in petitioners' 1974 Federal income tax in the amount of $ 1,939.63, and an addition to tax under section 6653(b) [2] in the *493 amount of $ 1,309.06. The deficiency resulted from respondent's disallowance of certain employee business expenses, charitable contributions, dependency exemptions, and medical and dental expenses. On March 25, 1981, the Court dismissed the case against petitioners for their failure properly to prosecute insofar as it pertains to the income tax deficiency of $ 1,939.63 determined by respondent. [3]
In an effort to establish petitioers' liability for the fraud addition to tax, respondent filed a motion on July 16, 1981, pursuant to Rule 37(c), for entry of an order that the undenied affirmative allegations of fact contained in paragraphs 1 through 10 of his answer filed on April 21, 1981, be deemed admitted for purposes of this case. In such paragraphs in his answer, respondent alleged, inter alia, that petitioners "willfully and fraudulently, with intent to evade and defeat the tax," overstated their *494 claimed medical expenses and charitable contributions in specified amounts on their 1974 joint return. Petitioners did not reply to respondent's motion and, on September 23, 1981, the Court entered an order granting respondent's motion and deeming admitted "the undenied affirmative allegations of fact contained in paragraphs 1 to 10, inclusive, of respondent's Answer * * *." Since the pleadings are now closed as a result of our order of September 23, 1981, respondent's motion for judgment on the pleadings is properly before us at this time. See Rule 120(a). Moreover, pursuant to Rule 120(b), we will treat this motion as one for summary judgment under Rule 121 because, in addition to the pleadings, we have considered petitioner's statement before this Court on January 26, 1982, and "other acceptable materials" which the parties have submitted to the Court. See Rule 121(b). Since we previously dismissed petitioners' case insofar as it pertains to the underlying deficiency for 1974, the only issue which we need to address is whether petitioners are liable for the fraud addition to tax for that year. Respondent has the burden of proving fraud by clear and convincing evidence. *495 Sec. 7454(a); Rule 142(b); . The taxpayer must be shown to have acted with the specific intent to evade a tax believed to be owing . If respondent establishes that any part of petitioners' underpayment of tax in 1974 was due to fraud, then the fraud addition to tax will be applicable for that year. Sec. 6653(b). In , we held that respondent may satisfy his burden of proof with respect to the fraud addition to tax by deemed admissions. In the instant case, some of the deemed admissions specifically state that petitioners "willfully and fraudulently, with intent to evade and defeat the tax," deducted specified excessive amounts for medical expenses and charitable contributions. Consequently, under Doncaster, respondent is entitled to summary judgment on the fraud issue, unless other materials in the record before us place the deemed admissions into dispute or controversy. After considering the other material in the record, we find that there is no genuine *496 issue as to the deemed admissions with respect to the fraud in the instant case. Although petitioner appeared and made a statement before the Court on January 26, 1982, his statement did not contain any allegations which put into controversy any of the deemed admissions (i.e., allegations in respondent's answer) with respect to petitioners' willful and fraudulent overstatement and deduction of specified amounts of medical expenses and charitable contributions on their 1974 return. Moreover, in a statement which petitioner filed with the Court on March 24, 1982, petitioner did not place in controversy the deemed admissions with respect to fraud. In fact, petitioner admitted in such statement that the claimed charitable contributions "were exaggerated and should be disallowed." Since there is no genuine issue as to any material fact with respect to fraud, we find that respondent has established that he is entitled to summary judgment as a matter of law. [4]
*497 To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. Unless otherwise indicated, all Rule reference herein are to the Tax Court Rules of Practice and Procedure.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended. ↩
3. In this order, we stated that entry of decision with respect to the deficiency would be held in abeyance until a decision is entered with respect to the addition to tax under section 6653(b).↩
4. We note that respondent submitted a copy of petitioners' 1974 return, along with copies of petitioners' checks which accompanied their return. Respondent maintains that petitioners altered those checks in an attempt to substantiate the deductions that they claimed for medical expenses and charitable contributions on their 1974 return. Since the undisputed deemed admissions in the instant case are sufficient to enable respondent to meet his burden of proof with respect to fraud, see , we need not consider further the other materials which respondent has submitted to establish fraud.↩